IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR MONCRIEF, | ) | CASE NO. 1:06 CV 2641 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| MAGGIE BEIGHTLER, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the petition of Arthur Moncrief for a writ of habeas corpus under 28 U.S.C. § 2254.[2]  Moncrief is currently incarcerated at the Marion Correctional Institution, where he is serving a seven-year term in prison imposed after he pled guilty in Cuyahoga County Common Pleas Court to one count of attempted rape and one count of felonious assault.[3]

In this petition, Moncrief has raised two grounds for habeas relief,[4] both of which the State asserts are procedurally defaulted.[5]  As will be more fully developed below, I will

---

[1] ECF # 4.

[2] ECF # 1.

[3] *Id.* at 1.

[4] *Id.* at 5

[5] ECF # 7 at 12.

recommend finding that the State's arguments are well-taken and, therefore, that the petition should be dismissed.

## Statement of the Facts and of the Case

### A.    Underlying facts and plea

The following facts of the case were found[6] by the Ohio appellate court.[7]

Essentially, Moncrief and the victim, a female co-worker, spent an evening consuming large quantities of alcohol and smoking crack cocaine.[8]  Eventually, Moncrief sexually assaulted the victim, seriously injuring her in the process and himself incurring some injuries.[9]  Although Moncrief conceded that he had fought with the victim, he denied trying to rape her.[10]

The trial court made note of the severity of the victim's injuries.[11]  She had been punched, choked and strangled; she received two stab wounds, gashes, and lacerations on her right eyelid; and she had blood in her urine.[12]  Further, the victim suffered vision loss in her

---

[6] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[7] ECF # 9 (state court record) at 136-44.

[8] *Id.* at 137.

[9] *Id.* at 137-38.

[10] *Id.* at 138.

[11] *Id.*

[12] *Id.*

right eye and psychological damage.[13]  She also tested positive for drugs, which the court called a "problem."[14]

The grand jury indicted Moncrief on two counts of rape, four counts of felonious assault, and two counts of kidnapping.[15]

Prior to trial, Moncrief entered a plea of guilty in exchange for a reduction in the indictment to one count of attempted rape and one count of felonious assault.[16]  The court accepted the guilty plea to the reduced charges and then continued the sentencing hearing to allow the compilation of a pre-sentence investigative report.[17]

During that continuance, Moncrief made an oral motion to withdraw his plea of guilty, alleging that his attorney had pressured him into submitting the plea.[18]  The trial court granted the motion, but Moncrief withdrew the motion minutes later, and the sentencing hearing proceeded.[19]

At the hearing, the trial court found that Moncrief had a risk of recidivism, as he had been convicted on a nearly identical crime in 1988 for which he had spent four and a-half

---

[13] *Id.*

[14] *Id.*

[15] *Id.* at 137.

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

years in prison.[20]   After consideration of all factors, the court sentenced Moncrief to seven years' imprisonment on each count of the indictment, to be served concurrently.[21]

After sentencing, the court conducted a sexual predator hearing.[22]  The court found that Moncrief did not meet the criteria of a sexual predator or as a habitual offender.[23] However, the court did classify Moncrief as a sexually oriented offender based on his guilty plea to attempted rape.[24]

**B.      The direct appeal**

Moncrief thereupon filed a *pro se* motion for delayed appeal from his sentence and from his classification as a sexually oriented offender.[25]  The Ohio court of appeals granted the motion,[26] and, now acting through new counsel, Moncrief filed his brief in support of the appeal,[27]alleging the following five assignments of error:

> First Assignment of Error:  That the trial court erred in imposing a seven year sentence for attempted rape when the record does not clearly and convincingly support the sentence the court imposed.[28]

---

[20] *Id.* at 138.

[21] *Id.* at 139.

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id*. at 66-69.

[26] *Id.* at 70.

[27] *Id.* at 71-89.

[28] *Id.* at 75.

-4-

Second Assignment of Error:  That the trial court erred in imposing a seven year sentence for felonious assault when the record does not clearly and convincingly support the sentence the trial court imposed.[29]

Third Assignment of Error:  The trial court erred when it violated appellant's sixth amendment right by imposing a seven year sentence for attempted rape based on judicial findings beyond those either determined by a jury or stipulated to by the defendant.[30]

Fourth Assignment of Error:  The trial court erred when it violated appellant's sixth amendment right by imposing a seven year sentence for felonious assault based on judicial findings beyond those either determined by a jury or stipulated to by the defendant.[31]

Fifth Assignment of Error:  The trial court erred when it determined appellant was a sexual-oriented offender when such a finding was against the manifest weight of the evidence.[32]

Under the first and second assignments of error, Moncrief contended that there was no medical evidence that any rape had been attempted and that the injuries suffered by both parties suggested that a fight rather than a sexual assault had occurred.[33]  Moncrief maintained that he had merely been defending himself.[34]  Similarly, under his third and fourth assignments of error, Moncrief pointed out that he had explicitly denied raping the victim and that he had never stipulated that he had committed felonious assault but, rather, alleged

---

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] *Id.* at 79-80.

[34] *Id.* at 80.

self-defense.[35]  Further, he claimed that imposition of a sentence greater than the minimum violated his Sixth Amendment right under the case of *Blakely v. Washington*.[36]  Under his fifth assignment of error, he argued against the court's finding that he was likely to engage in sexually oriented offenses in the future.[37]

The State filed an opposition,[38] and the appeals court upheld the conviction.[39]  The court ruled that, by pleading guilty, Moncrief had admitted to the charges in the indictment, regardless of his denials to the police.[40]  The court also found that Moncrief's case did not implicate the Sixth Amendment as it was construed in *Blakely*[41] and that, by pleading guilty to attempted rape, he was by definition a sexually oriented offender.[42]

Moncrief filed a *pro se* delayed appeal from this decision to the Supreme Court of Ohio.[43]  In that filing, Moncrief asserted that his appeal was delayed because he did not know that his counselor did not file the appeal with the Supreme Court.[44]  He did not assert any

---

[35] *Id.* at 83.

[36] *Blakely v. Washington*, 542 U.S. 296 (2004).

[37] ECF # 9 at 85.

[38] *Id.* at 90.

[39] *Id.* at 142.

[40] *Id.*

[41] *Id.* at 141.

[42] *Id.* at 142.

[43] *Id.* at 148.

[44] *Id.*

propositions of law, and the Supreme Court denied the delayed appeal.[45]  Moncrief did not file for a writ of certiorari from the United States Supreme Court.

### C.    Ohio Appellate Rule 26(B) motion to reopen

Shortly after the Ohio Supreme Court denied his attempt to file a delayed direct appeal, Moncrief filed a motion with the state appellate court to reopen his direct appeal under Ohio Appellate Rule 26 (B).[46]  He claimed that he was untimely in filing the motion because he had been told his attorney would file the motion, and Moncrief did not realize that this had not been done until after the 90-day period expired.[47]  Moncrief further explained that he was told to appeal to the Ohio Supreme Court prior to filing the motion to reopen the case to the appellate court.[48]

In his Rule 26(B) motion, Moncrief alleged that his counsel was ineffective for two reasons.  First, he asserted that his attorney should have asked to have the decision of the appeal held in abeyance until the case of *State v. Foster*[49] was decided.[50]  Second, Moncrief maintained that his counselor should have raised the issue that post-release control had not been announced at sentencing.[51]

---

[45] *Id.* at 155.

[46] *Id.* at 156.

[47] *Id.*

[48] *Id.*

[49] *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d  470 (2006).

[50] ECF # 9 at 156.

[51] *Id.* at 157.

The State filed an opposition, asserting that Moncrief failed to show good cause for his untimely filing.[52]  Furthermore, the State contended that his motion was procedurally barred because he failed to assert assignments of error, or provide a sworn statement that his counselor was deficient with regard to assignments of error, and that Moncrief failed to show that his counselor's performance affected the outcome of his sentencing.[53]

The appeals court denied the motion, finding that Moncrief did not establish good reason for his untimely filing.[54]  Moncrief did not seek to appeal this denial to the Ohio Supreme Court.

**D.    Postconviction motion to withdraw guilty plea**

Before filing his Appellate Rule 26(B) motion, Moncrief had filed a *pro se* motion to withdraw his guilty plea in the court of common pleas.[55]  In that motion he asserted that his trial attorney had intimidated and bullied him into submitting a guilty plea against his will.[56]

The court denied this motion, and Moncrief did not file an appeal.[57]

---

[52] *Id.* at 164.

[53] *Id.* at 165.

[54] *Id.* at 173.

[55] *Id.* at 178.

[56] *Id.* at 179.

[57] *Id.* at 183.

**E.     Motion to vacate sentence**

While his motion to withdraw his guilty plea was still pending, Moncrief filed a *pro se* motion to have his sentence vacated in the court of common pleas.[58]  In his motion, Moncrief asserted two grounds for relief:

> 1.     That the sentence imposed in his case was invalid because it violated the sixth and fourteenth amendments of the United States Constitution as well as section 5, article 1 and section 10, article 1 of the Ohio Constitution.[59]
>
> 2.     That the sentence imposed in his case violated the fourteenth amendment of the United States Constitution as well as section 10, article 1 of the Ohio Constitution.[60]

Under the first claim, Moncrief alleged that the imposition of a greater than minimum sentence was unconstitutional as determined by the Supreme Court in *Apprendi v. New Jersey*[61] and *Blakely v. Washington*.[62]  Moreover, Moncrief maintained that Ohio required at least one of two judicial findings be made in order to impose more than a minimum sentence and that, because no admission or jury verdict made such findings, the sentence violated the Ohio Constitution.[63]

---

[58] *Id.* at 184.

[59] *Id.* at 187.

[60] *Id.*

[61] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[62] *Blakely*, 542 U.S. 296.

[63] ECF # 9 at 189.

Under the second ground for relief, Moncrief argued that the imposition of post-release control was not announced at sentencing, violating his right to due process.[64] He claimed that post-release control was pronounced at the plea hearing but not at sentencing.[65]  Additionally, Moncrief raised the claim that he was prevented from finding essential facts for his claim, as *Foster* was decided after his sentencing, and, therefore, his untimely filing was excused.[66]

The State filed an opposition,[67] but, before the court ruled, Moncrief withdrew the motion in order to pursue "other appellate remedies."[68]

## F.     Petition for writ of habeas corpus

Moncrief filed a *pro se* petition for a writ of habeas corpus.  In the petition, Moncrief claims two grounds for relief.

Ground one:  Petitioner was denied effective assistance of appellant counsel on appeal.[69]

Ground two: Petitioner was denied his sixth and fourteenth amendment at sentencing.[70]

---

[64] *Id.* at 190.

[65] *Id.* at 191.

[66] *Id.*

[67] *Id.* at 193.

[68] *Id.* at 197.

[69] ECF # 1 at 5.

[70] *Id.*

Under the first ground, Moncrief claimed that his counsel was ineffective for not challenging the failure of the trial court to rule on post-release control at sentencing[71] and for not requesting that the appellate court hold the ruling on his appeal in abeyance pending the decision in *Foster*.[72]  Under the second ground, Moncrief contended that his Sixth Amendment rights were violated by the imposition of a greater than minimum sentence absent the requisite findings.[73]

The State filed in opposition, claiming that Moncrief's claims were procedurally defaulted.[74]  The State contended that fair presentment requires that claims be presented at the first available opportunity.[75]  Moreover, Moncrief was in default for not appealing the ruling on his Rule 26(B) application to the Ohio Supreme Court.[76]  Further, the State maintained that Moncrief's *pro se* status did not excuse this default.[77]

The State also addressed the merits of Moncrief's claim, asserting that the failure of Moncrief's attorney to foresee the *Foster* decision did not constitute ineffective assistance of counsel[78] and that Moncrief had failed to show that the performance of his attorney

---

[71] *Id.* at 7.

[72] *Id.* at 8.

[73] *Id.* at 9.

[74] ECF # 7 at 9.

[75] *Id.* at 10.

[76] *Id.* at 12.

[77] *Id.* at 10.

[78] *Id.* at 20.

affected the outcome of his sentencing.  Moreover, the court maintained that Moncrief was properly informed of post-release control at the sentencing hearing.[79]

In his traverse Moncrief stated that, in the instant case, the court should overlook his procedural default in order to prevent a fundamental miscarriage of justice.[80]

## Analysis

### A.  Standards of review

### 1.  *Procedural default/waiver – proper presentment*

Under the doctrine of procedural default, a federal habeas court may not review a ground for relief if the petitioner failed to obtain a ruling on that ground in the state court either because he failed to properly raise it while state remedies were still available or because the state court declined to reach the merits of the claim because of the petitioner's violation of some state procedural rule.[81]

When the State raises procedural default,[82] the federal court must first determine if the defect consists in not fairly presenting the ground as a federal constitutional issue to the state court or the default occurred because the petitioner failed to properly present his ground for

---

[79] *Id.* at 21.

[80] ECF # 8 at 2.

[81] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citation omitted.).

[82] Procedural default is considered an affirmative defense that generally must be raised by the state or it is waived.  *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004).

relief through one full round of the state's established review procedures and such review is now foreclosed.

Proper presentment[83] of a claim in state court where the state has a discretionary component of its direct appeal process consists of two steps:  (1) the petitioner must assert the ground in the state court of appeals, and (2) the petitioner must seek review of the appellate decision concerning that ground in the state supreme court.[84]  If the habeas petitioner failed to take either step, he waived or procedurally defaulted that ground if no state remedies are still available for such review.[85]

As noted, if it is established that the petitioner failed to afford the state an opportunity to consider his ground by not electing to present it, as opposed to the ground being barred from consideration as a result of petitioner's violation of state procedural rules,[86] the critical question then becomes whether state remedies remain for the petitioner to now present the ground.  If remedies exist, the ground is not exhausted and the state courts must be given an opportunity to address it before consideration by the federal court, since exhaustion is a

---

[83] This concept, is related to, but distinct from, fair presentment, which involves stating the claim before the state court in terms of a federal constitutional violation. *See*, *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004).

[84] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

[85] *Id*. at 848.

[86] In cases where the petitioner's claim was not heard allegedly due to a violation of state procedural rules, the federal habeas court employs a separate analysis not applicable here.  *See*, *Smith v. Ohio Dept. of Rehab. & Corrs*., 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

jurisdictional defect.[87] If, however, no further state remedies are available, there is no lack

of exhaustion, and the ground is deemed procedurally defaulted or waived.[88]

**2.      *Overcoming procedural default/waiver***

Once determined, procedural default of waiver may be overcome if the petitioner can

show both cause for the default and actual prejudice from the alleged federal constitutional

violation or if the petitioner can show actual innocence.[89]

To establish "cause" for the default, a petitioner must generally show that some

objective factor, something external to the petitioner that cannot be fairly attributable to him,

precluded his compliance with the state rule or prevented him from properly presenting the

claim.[90] Demonstrating "prejudice" requires a petitioner to show that the claimed error

worked to his actual and substantial disadvantage, infecting the petitioner's entire proceeding

with error of constitutional dimension.[91]  There can be no prejudice, however, where the

petitioner cannot show a reasonable probability of a different outcome at trial.[92]

Finally, in addition to cause and prejudice, a petitioner may overcome procedural

default and obtain a review of his claim if he can show, through new, reliable evidence not

---

[87] *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

[88] *Deitz*, 391 F.3d at 808.

[89] *Id*.

[90] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

[91] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[92] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

-14-

available at trial, "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."[93]

**B.     Both of Moncrief's grounds for relief are procedurally defaulted because he raised them in his delayed application to reopen his direct appeal but then did not appeal to the Ohio Supreme Court after the state appellate court denied his application.**

As the State observes, both of Moncrief's grounds for habeas relief were first raised in state court as part of his delayed application to reopen his direct appeal.[94] That application was denied by the state appeals court,[95] and Moncrief did not seek review of that denial by the Supreme Court of Ohio.  As the State further observes, a delayed appeal to the Ohio Supreme Court from a denial of an application to reopen a direct appeal is expressly precluded by Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(c).[96] As such, Moncrief's two grounds here are procedurally defaulted for not having been properly presented to the Ohio Supreme Court while that remedy was still available.

**C.     Moncrief cannot excuse the default and so his petition should be dismissed.**

Moncrief does not contest the conclusion that his grounds for relief are procedurally defaulted, arguing instead in his traverse that this Court may still consider them because he

---

[93] *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

[94] *See*, ECF # 7 at 12.

[95] ECF # 9 at 167.

[96] "The provision for delayed appeal applies to appeals on the merits and does not apply to appeals involving postconviction relief, including appeals brought pursuant to *State v. Murnahan* (1992), 63 Ohio St. 3d 60, 584 N.E.2d 1204, and App. R. 26(B).  The Clerk shall refuse to file motions for delayed appeal involving postconviction relief."

is actually innocent.[97] To that end, he asserts that no forensic evidence connected him to the rape and that he made his guilty plea under duress.[98]

This argument has no merit.  To establish actual innocence and so overcome a procedural default, a petitioner must, as noted earlier, produce new facts, not available at trial, that demonstrate that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."[99]  The Supreme Court is very clear that an actual innocence claim must be premised on "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."[100]

In the context of a guilty plea where there was no evidence presented at trial, actual innocence is evaluated in light of the defendant's own admission of guilt,[101] and "against all the evidence" of record, including facts found in presentence report.[102]  Moreover, in cases where the petitioner pled guilty under a plea bargain and received, as consideration for the plea, a reduction in the charges he was facing, the actual innocence argument must show that

---

[97] ECF # 8 at 2.

[98] *Id.*

[99] *Schlup*, 513 U.S. at 329; *see also*, *House v. Bell*, 547 U.S. 518, 538 (2006).

[100] *Id.* at 324.

[101] *See, United State v. Skinner*, 25 F.3d 1314, 1316 (6th Cir. 1994).

[102] *Luster v. United States*, 168 F.3d 913, 915 (6th Cir. 1999).

the new evidence  also establishes the petitioner's factual innocence in relation to the dropped charges as well.[103]

Here, Moncrief has presented nothing, not even an argument, let alone new evidence, as to his innocence in relation to the dropped charges of rape and kidnapping.  That failure alone would preclude finding actual innocence.  In addition, even a brief review of the evidence of record at the sentencing hearing shows that the case against Moncrief at trial would have rested on direct testimony by the victim herself.  As such, the lack of direct forensic evidence of rape or attempted rape by itself would not have conclusively mandated an acquittal.

Therefore, because Moncrief has presented no new evidence, reliable or otherwise, as to his actual innocence of all charged offenses, including those dropped pursuant to the plea agreement, his claim of actual innocence must fail.[104]  Thus, I recommend finding that Moncrief has not overcome his procedural default.

## Conclusion

For the foregoing reasons, I recommend dismissing the petition of Arthur Moncrief for a writ of habeas corpus on the grounds that the petition is procedurally defaulted.

Dated:   November 25, 2008                    s/ William H. Baughman, Jr.
                                              United States Magistrate Judge

---

[103] *Id.* at 624.

[104] *See*, *Graham v. Bradshaw*, No. 3:05-CV-0159, 2008 WL 1808519, at *5 (N.D. Ohio, April 18, 2008 per Gwin, J.).

-17-

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[105]

---

[105] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).